## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

DANIEL EXLINE,

    Plaintiff,

v.

    Case No. 1:19-cv-05339

R1 RCM, INC. d/b/a MEDICAL
FINANCIAL SOLUTIONS,

    Defendant.

## COMPLAINT

NOW COMES Plaintiff, DANIEL EXLINE, through counsel, SULAIMAN LAW GROUP, LTD., complaining of Defendant, R1 RCM, INC. d/b/a MEDICAL FINANCIAL SOLUTIONS, as follows:

## NATURE OF THE ACTION

1.     This action is seeking damages for Defendant's violation(s) of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.     Venue in this district is proper under 28 U.S.C. § 1391(b)(1).

## PARTIES

4.     DANIEL EXLINE ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Franklin, Tennessee.

5.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6.      R1 RCM, INC. d/b/a MEDICAL FINANCIAL SOLUTIONS ("Defendant") is a foreign corporation with its principal place of business located at 401 North Michigan Avenue, Suite 2700, Chicago, Illinois 60611.

7.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it uses instrumentalities of interstate commerce and the mail in its business.

9.      Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt.

10.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

11.     On March 6, 2019, Plaintiff was involved in an automobile accident.

12.     As a result of the accident, Plaintiff sustained injuries that required medical treatment.

13.     Saint Thomas Health rendered services to Plaintiff for these injuries.

14.     These services generated certain bills.

15.     Those bills, once unpaid, were turned over to Defendant.

16.     Those bills are a "debt" as defined by 15 U.S.C. § 1692a(5) as they relate to an *unpaid* obligation to pay money arising out of a transaction in which the medical services which are the subject of the transaction are primarily for personal, family, or household purposes.

17.     (XXX) 687-7244 is Plaintiff's cellular telephone number.

18.     On July 22, 2019, Defendant placed a phone call to (XXX) 687-7244 in an attempt to obtain payment on behalf of Saint Thomas Health.

2

19. During this call, Defendant failed to identify themselves as a debt collector.

20. During this call, Plaintiff inquired as to whether Defendant was a debt collector.

21. During this call, Defendant falsely stated they were not a debt collector.

22. During this call, Plaintiff informed Defendant he is represented by counsel, then provided his counsel's contact information.

23. Weeks later – on August 5, 2019 – Plaintiff received a message from Defendant providing:

> "Hello. This is a time sensitive message from R1 RCM Inc. doing business as Medical Financial Solutions an (_____) business of Saint Thomas Health. Please call us back at your earliest convenience toll-free at 866-362-0033 between the hours of 8:00 AM to 9:00 PM EST Monday through Thursday, 8:00 AM to 4:30 PM on Friday or 10:00 AM to 2:00 PM on Saturday. Once again, that number is 866-362-0033. Thank you.

24. In response, Plaintiff returned Defendant's message.

25. During this call, Defendant attempted to obtain payment on behalf of Saint Thomas Health.

26. During this call, Defendant (1) confirmed conversation on July 22, 2019; (2) confirmed they knew of Plaintiff's attorney and had Plaintiff's attorney's contact information; and (3) failed to identify themselves as a debt collector.

27. Defendant's unlawful collection practices subjected Plaintiff to unwanted phone calls for the debt – causing emotional distress as well as deprived Plaintiff of rights afforded by consumer law(s).

## CLAIMS FOR RELIEF

### Count I:
### Violation of 15 U.S.C. § 1692

28.     All paragraphs of this Complaint are expressly adopted and incorporated herein as

though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692c

29.     Section 1692c provides:

**(a) COMMUNICATION WITH THE CONSUMER GENERALLY** Without the prior
consent of the consumer given directly to the debt collector or the express
permission of a court of competent jurisdiction, a debt collector may not
communicate with a consumer in connection with the collection of any debt –

>    (2)     if the debt collector knows the consumer is represented by an
>    attorney with respect to such debt and has knowledge of, or can
>    readily ascertain, such attorney's name and address, unless the
>    attorney fails to respond within a reasonable period of time to a
>    communication from the debt collector or unless the attorney
>    consents to direct communication with the consumer.

15 U.S.C. § 1692c(a)(2).

30.     Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating directly with

Plaintiff despite knowing Plaintiff is represented by counsel.

### Violation of 15 U.S.C. § 1692e

31.     Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or
means in connection with the collection of any debt.  Without limiting the general
application of the foregoing, the following conduct is a violation of this section.

>    (10)     The use of any false representation or deceptive means to collect or
>    attempt to collect any debt or to obtain information concerning a
>    consumer.

>    (11)     The failure to disclose in the initial written communication with the
>    consumer and, in addition, if the initial communication with the
>    consumer is oral, in that initial oral communication, that the debt

4

> collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector.

15 U.S.C. §§ 1692e(10) and e(11).

32.    Defendant violated 15 U.S.C. § 1692e(10) by *falsely* representing to Plaintiff that they were not a debt collector.

33.    Defendant violated 15 U.S.C. § 1692e(11) by failing to include the required disclosures required under 15 U.S.C. § 1692e(11) on both July 22, 2019 as well as August 5, 2019.

34.    Plaintiff may enforce the provisions of 15 U.S.C. §§ 1692c(a)(2), e(10) and e(11) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

 (1)    any actual damage sustained by such person as a result of such failure;

(2)

    (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or

                                   ***

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff request the following relief:

A.    find that Defendant violated 15 U.S.C. §§ 1692c(a)(2), e(10) and e(11);

B.    award any actual damage sustained by Plaintiff as a result of Defendant's violation pursuant to 15 U.S.C. § 1692k(a)(1);

C.      award such additional damages, as the Court may allow, but not exceeding $1,000

pursuant to 15 U.S.C. § 1692k(a)(2)(A);

D.      award costs of this action including expenses together with reasonable attorneys'

fees as determined by this Court pursuant to 15 U.S.C. § 1692k(a)(3); and

E.      award such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in

this action so triable of right.

DATED: August 7, 2019                           Respectfully submitted,

                                                **DANIEL EXLINE**

                                                By: */s/ Joseph S. Davidson*

                                                Joseph S. Davidson
                                                Mohammed O. Badwan
                                                Victor T. Metroff
                                                **SULAIMAN LAW GROUP, LTD.**
                                                2500 South Highland Avenue
                                                Suite 200
                                                Lombard, Illinois 60148
                                                +1 630-575-8181
                                                jdavidson@sulaimanlaw.com
                                                mbadwan@sulaimanlaw.com
                                                vmetroff@sulaimanlaw.com